OPINION
{¶ 1} Rondall E. Clark appeals from his conviction and sentence in Dayton Municipal Court on one count of soliciting prostitution in violation of Dayton City Code § 136.04, a third-degree misdemeanor. In his sole assignment of error, Clark contends the trial court erred in rejecting his entrapment defense.
 {¶ 2} The present appeal stems from Clark's encounter with Dayton police officer Jennifer Florio on July 20, 2002. While driving to a local swimming pool, Clark pulled into a parking lot on Keowee Street purportedly to return a cell phone call. There he observed Florio, who was acting as a prostitution decoy. Florio approached Clark's vehicle on foot and initiated a conversation. A police report cited by both parties reflects the following conversation:
 {¶ 3} "Florio: Hey.
 {¶ 4} "Clark: Hey, what are you doin'?
 {¶ 5} "Florio: Workin'.
 {¶ 6} "Clark: You're working huh?
 {¶ 7} "Florio: Yeah, whatcha' doin'?
 {¶ 8} "Clark: Nothing, making a call.
 {¶ 9} "Florio: Oh.
 {¶ 10} "Clark: So what are you working?
 {¶ 11} "Florio: I dunno, depends on what people want me to work.
 {¶ 12} "Clark: What do you do?
 {¶ 13} "Florio: I'll do about anything.
 {¶ 14} "Clark: Anything?
 {¶ 15} "Florio: Yeah, just about anything.
 {¶ 16} "Clark: How much is it?
 {¶ 17} "Florio: Depends on what you want.
 {¶ 18} "Clark: How much is head?
 {¶ 19} "Florio: How much you got?
 {¶ 20} "Clark: Well I only got two to three dollars on me. I got to go home and get some money. How much?
 {¶ 21} "Florio: How `bout $20?
 {¶ 22} "Clark: All the way head?
 {¶ 23} "Florio: Well if you want me to swallow it's going to be more.
 {¶ 24} "Clark: It's no fun if you don't swallow.
 {¶ 25} "Florio: Okay, then it's going to be $30.
 {¶ 26} "Clark: Let me go get some money. I'll be right back.
 {¶ 27} "Florio: Okay I'll be here. How long you gonna be?
 {¶ 28} "Clark: I'll be back in 15 minutes."
 {¶ 29} After this conversation, police followed Clark as he drove to the parking lot of the swimming pool, where he was stopped and arrested by officers in marked cruisers. Clark subsequently was charged with soliciting prostitution, and the matter proceeded to a bench trial on November 8, 2002. Clark testified at trial and insisted that he had been joking with Florio when he inquired about obtaining oral sex. Defense counsel also asserted that Clark had been entrapped by Florio.[1]
The trial court nevertheless found Clark guilty and sentenced him accordingly. This timely appeal followed.
 {¶ 30} In his sole assignment of error, Clark argues that the trial court erred in rejecting his entrapment defense. In support, he stresses that Florio "made the first move" by initiating contact and speaking first. He also insists that he was talking on the telephone with the windows up and the engine running when Florio approached him. In addition, Clark notes that he had only a few dollars and proceeded to the pool, rather than home to get more money, after speaking with Florio. Based on the foregoing facts, Clark suggests both that he was joking about obtaining oral sex from Florio and that she entrapped him into soliciting prostitution.
 {¶ 31} Upon review, we find Clark's assignment of error to be unpersuasive. The statute at issue makes it unlawful to solicit a person to engage in sexual activity for hire. In his appellate brief, Clark candidly admits that he did solicit Florio to engage in oral sex for money. (Appellant's brief at 12). As for his argument that he was joking and had no actual intent to engage in sexual activity, the trial court was free to disbelieve this claim. Although the record contains evidence from which one might believe that Clark was joking, the trial court did not err in assessing his credibility and finding otherwise. The trial court reasonably may have found that Clark was serious based on his concern over whether Florio would provide "all the way head" and "swallow." The fact that he subsequently proceeded to the pool rather than home to get more money did not compel a finding that his solicitation was in jest. Clark may have changed his mind after the solicitation, he may have observed police following him, or he may have decided to obtain the money from someone at the pool. Regardless of Clark's actions after the encounter with Florio, the trial court was entitled to reject his claim that his solicitation of oral sex for money was a joke.
 {¶ 32} With regard to Clark's assigned error regarding entrapment, the record does not support a finding that Florio entrapped him. In Statev. Doran (1983), 5 Ohio St.3d 187, the Ohio Supreme Court held that entrapment exists when "the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute[.]" Id. at 192. "However, entrapment is not established when government officials `merely afford opportunities or facilities for the commission of the offense' and it is shown that the accused was predisposed to commit the offense." Id., quoting Sherman v.United States (1958), 356 U.S. 369, 372.
 {¶ 33} Although Florio initiated contact with Clark, that fact is not dispositive. "Merely because a police officer or a police informant initiates contact with a defendant does not render the defendant entrapped." State v. Fuller (Sept. 26, 1997), Hamilton App. No. C-960753, affirmed, 83 Ohio St.3d 108, 1998-Ohio-562. Of more significance is the fact that Clark was the first to mention a sexual act and the first to discuss money. In light of Clark's inquiry into the price for "head," we are unpersuaded that Florio implanted in an innocent mind the disposition to commit a crime. Rather, Florio merely presented him with an opportunity to solicit prostitution. As noted above, such conduct does not constitute entrapment. Accordingly, we overrule Clark's assignment of error and affirm the judgment of the Dayton Municipal Court.
WOLFF, J., concurs.
[1] As the State properly notes, defense counsel never used the word "entrapment" in his argument to the trial court. Nevertheless, the essence of defense counsel's argument was that Florio had entrapped Clark. As a result, the issue has been preserved for appellate review.