OPINION
{¶ 1} Defendant-appellant, Daryl J. Miller, appeals from the February 20, 2007 sentence imposed on him by the Ashtabula County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted for one count of drug trafficking within the vicinity of a school, in violation of R.C. 2925.03, a felony of the fourth degree, and one count of possession of drugs (cocaine), in violation of R.C. 2925.11, a felony of the fifth degree. *Page 2 
 {¶ 3} The evidence at trial reveals that between 2:30 and 2:45 a.m. on February 16, 2006, Officer Robert Wolford of the Ashtabula Police Department's Special Operations Group, was patrolling the city streets in an unmarked car dressed in plain clothes to see if either a drug dealer or prostitute would approach him. As he was driving, appellant waived him over, yelled "hey" and asked him what he was looking for. Wolford replied that he was looking for a "20 piece," which meant $20 worth of crack cocaine. Appellant got into the car and directed the officer to drive to an abandoned house, where he got the crack cocaine. While appellant was out of the car, the officer called his captain who told him to pull over into the nearby school parking lot where they could both make the arrest. The captain testified that the drug exchange took place within one thousand feet of the school (required for the enhancement), and in fact, occurred less than fifty yards from the school. The offer itself was made less than five hundred yards from the school. Appellant was patted down and arrested and charged with possession and trafficking near a school.
 {¶ 4} The jury found appellant guilty as charged. Appellant was sentenced to concurrent sentences of eighteen months on the drug trafficking charge and twelve months on the possession charge.
 {¶ 5} Appellant's trial counsel perfected the appeal in this case but filed a motion to withdraw. We granted trial counsel's request to withdraw and appointed appellate counsel on his behalf. However, assigned counsel subsequently filed a motion to withdraw and an"Anders brief," in accordance with the United States Supreme Court decision of Anders v. California (1967), 386 U.S. 738. *Page 3 
 {¶ 6} In Anders, the Supreme Court held that "[i]f counsel is convinced, after conscientious investigation, that the appeal is frivolous, * * * he may ask to withdraw on that account." Id. at 741, citing Ellis v. United States (1958), 356 U.S. 674, 675. TheAnders Court delineated several requirements that must be met in order for counsel to withdraw. For instance, the request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Furthermore, counsel must furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any conceivable matters he or she chooses. Id. Once these requirements have been met, the appellate court must examine the record fully to determine if the appeal is indeed frivolous. If the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision.
 {¶ 7} Turning to the case at hand, assigned counsel filed anAnders brief asserting her belief that there were no meritorious issues and that the appeal was frivolous. Counsel stated that the only possible issue to argue on appeal would be entrapment. However, counsel did not believe the defense had merit and further stated that she believed appellant had received a fair trial. The state filed a response brief in which it argued that appellant waived his right to argue that the jury should have been charged on the defense of entrapment and that the evidence does not support the defense of entrapment. The affirmative defense of "entrapment exists when `the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute.' * * * `However, entrapment is not established when *Page 4 
government officials "`merely afford opportunities or facilities for the commission of the offense" and it is shown that the accused was predisposed to commit the offense.'" Dayton v. Clark, 2d Dist. No. 19672, 2004-Ohio-162, at ¶ 32, citing State v. Doran (1983),5 Ohio St.3d 187, 192; Sherman v. U.S. (1958), 356 U.S. 369, 372.
 {¶ 8} The evidence does not support the affirmative defense of entrapment. The fact that the officer made the opportunity available to appellant to approach him and offer him drugs is not synonymous with entrapment. The criminal conduct was initiated by appellant, not by the police. Furthermore, since it is an affirmative defense, the burden was on defense counsel to prove entrapment, which was not even argued.State v. Klapka, 11th Dist. No. 2003-L-044, 2004-Ohio-2921, at |J28. Nor did defense counsel request an instruction on entrapment.
 {¶ 9} After a thorough and independent review of the record, including the transcript of the proceedings, the presentence investigation report, and briefs of the parties, we hold that there was sufficient evidence presented upon which to convict appellant of the crimes he was charged with. We also find that the trial court did not err in failing to find that appellant was entrapped into committing the offenses. Thus, there are no arguable legal points on the merits of this matter. Counsel's motion to withdraw is granted.
 {¶ 10} The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1