[Cite as *State v. Spears*, 2014-Ohio-2695.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0027** |
| MICHAEL D. SPEARS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CR 501.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Susan Thomas*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*John W. Hawkins*, Parkhill Professional Building, 35104 Euclid Avenue, Suite 101, Willoughby, OH  44094 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, Michael D. Spears, appeals from the judgment entered by the Court of Common Pleas, Ashtabula County.  For the reasons that follow, we affirm.

{¶2}    On August 9, 2012, appellant was indicted on six counts of receiving stolen property.  Four of the counts were fifth-degree felonies, while the other two were fourth-degree felonies.  Appellant pled not guilty to the charges.

{**¶3**}   On February 7, 2013, appellant changed his pleas and entered guilty pleas to two counts of receiving stolen property, fourth-degree felonies in violation of R.C. 2913.51(A), and one count of receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51(A).   The three remaining counts were dismissed.   A sentencing hearing was held on May 3, 2013.  The trial court sentenced appellant to a prison term of 12 months for each of the three counts involved in the plea, with the sentences to be served concurrently.[1]  Appellant was given credit for six days of time spent in custody prior to sentencing.

{**¶4**}   Appellant timely appealed the May 13, 2013 judgment entry of sentence. On September 4, 2013, appellant's counsel filed a motion for leave to withdraw as counsel, along with an "Anders" brief, asserting the absence of any non-frivolous issues for appellate review.

{**¶5**}   In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court outlined the proper steps to be followed in this situation: (1) counsel should act in the role of an active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses;

---

1. At the same time appellant was sentenced in this case, he was also sentenced in a separate case that is not included in this appeal.  It is also clear from the transcript that there were two separate presentence investigation reports.

(6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings. *Id.* at 744.

{¶6} Appellant's counsel served a copy of the brief on appellant. In his brief, counsel determined that the record does not reflect any obvious and prejudicial errors concerning appellant's plea. In an October 18, 2013 judgment entry, this court held appellant's counsel's motion to withdraw in abeyance and granted appellant leave to file a brief or memorandum to raise any additional arguments in support of his appeal for this court's review. Appellant did not file a pro se brief raising any assignments of error.

{¶7} To begin, we review appellant's plea of guilty. A criminal defendant who enters a plea of guilty or no contest waives certain constitutional rights, thus the waiver must be made knowingly, intelligently, and voluntarily. *State v. Stewart*, 51 Ohio St.2d 86, 92-93 (1977). Crim.R. 11(C)(2) sets forth the procedure a trial judge must follow when accepting a plea in felony cases:

> [T]he court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond

3

a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} When reviewing a plea under Crim.R. 11, an appellate court uses a substantial compliance standard, meaning that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶9} On February 7, 2013, the trial court held a hearing where appellant appeared with his trial counsel. At that hearing, appellant withdrew his former pleas of not guilty and entered guilty pleas to two counts of receiving stolen property, fourth-degree felonies, and one count of receiving stolen property, a fifth-degree felony. In exchange for appellant's plea on those counts, the state dismissed three separate fifth-degree felony counts of receiving stolen property. While there is no transcript of the change of plea hearing, based upon a review of appellant's signed plea of guilty, it appears appellant knowingly and voluntarily entered his plea. Where there is no transcript or other record of the plea hearing, compliance with the requirements of Crim.R. 11(C) is presumed. *State v. Olinger*, 12th Dist. Warren No. CA93-07-056, 1994 Ohio App. LEXIS 1518, *3 (Apr. 11, 1994), citing *State v. Summers*, 3 Ohio App.3d 234, 236 (1st Dist.1981).

{¶10} Appellant's counsel also considered whether there was any evidence in the record for an ineffective assistance of trial counsel claim. The Ohio Supreme Court has adopted the following test to determine whether counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's

4

performance." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶11} In this case, there is no evidence in the record to suggest trial counsel was ineffective. During sentencing, appellant did not express any dissatisfaction with trial counsel's representation. Furthermore, the plea accepted by appellant dispensed of three other felony counts. As such, there is no arguable case for ineffective assistance.

{¶12} Finally, we address whether there may have been an issue with appellant's sentencing. On May 3, 2013, the trial court held a sentencing hearing. At that hearing, the court did not expressly refer to the factors required by R.C. 2929.11. However, the trial court's judgment entry of sentence clarifies that in the imposition of sentence, the trial court "considered the record, oral statements, any victim statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." The court further stated that "[t]he offender would not be amenable to an available combination of community control sanctions because of defendant's lengthy criminal history." As a result, the trial court found that a prison sentence was consistent with the purposes and principles of sentencing under R.C. 2929.11. Furthermore, appellant's sentence is fully consistent with his signed plea of guilty and is within the statutory range. As the trial court's sentencing of appellant is fully consistent with the law, there is no arguable legal issue on this point.

{¶13} After a thorough and independent review of the record, including the transcript of the sentencing proceedings, we find no error in this case. Appellate

5

counsel's motion to withdraw, previously held in abeyance, is hereby granted. The judgment of the Ashtabula County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶14} I respectfully dissent.

{¶15} The majority holds that appellant's appeal is without merit and wholly frivolous. For the following reasons, I disagree.

{¶16} Under the United States Constitution, there is no right to appeal, "as a matter of right." *See Abney v. United States*, 431 U.S. 651, 656 (1977) (holding that there is no constitutional right to appeal; rather, the right to appeal in a criminal case is a creature of statute). However, an appeal is a matter of right in criminal proceedings under the Ohio Constitution. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right").

{¶17} An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C.

6

2953.08(A). Thus, it logically follows that if an appeal is a matter of right in criminal proceedings in Ohio, how can an appeal be frivolous?

{¶18} Under this writer's independent examination of the record, I disagree with the majority's position regarding the guilty plea and sentence. I find an issue of arguable merit as to whether appellant knowingly, voluntarily, and intelligently entered his plea and whether the Crim.R. 11(C) requirements were met, as there is no transcript from the change of plea hearing. I also find an issue of arguable merit as to whether appellant was properly sentenced, as the trial court did not expressly refer to the R.C. 2929.11 factors at the sentencing hearing. Therefore, although I agree with granting Attorney John W. Hawkins' motion to withdraw as he has satisfied his duties under *Anders*, I believe that new appellate counsel must be appointed to pursue this appeal. Thus, I would direct newly appointed counsel to prepare an appellate brief discussing the arguable issues identified herein and any further arguable issues which may be found in the record.

{¶19} Accordingly, I respectfully dissent.