[Cite as *State v. Smith*, 2024-Ohio-3369.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0009** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| RYAN THOMAS SMITH, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00579 |

**O P I N I O N**

Decided: September 3, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Ryan Smith ("Appellant") appeals his convictions after pleading guilty. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a Motion to Withdraw. In the appellate brief, counsel asserts there are no meritorious issues for appeal. After considering the record, pursuant to *Anders*, we agree with counsel, affirm the trial court's judgments, and grant counsel's motion to withdraw.

{¶2} On December 5, 2022, the Ashtabula County Grand Jury indicted Appellant on four counts: (1) and (2) Gross Sexual Imposition, fourth-degree felonies in violation of

R.C. 2907.05(A)(1); (3) Rape, a first-degree felony in violation of R.C. 2907.02(A)(2); and (4) Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4).

{¶3}    Appellant entered a plea agreement in which he agreed to plead guilty to counts three and four.  The State agreed to dismiss counts one and two.

{¶4}    On September 28, 2023, the court held a hearing to determine whether or not to accept Appellant's guilty plea.  The court found that Appellant entered his plea knowingly, intelligently, and voluntarily, and accepted his guilty plea.

{¶5}    On October 10, 2023, Appellant moved to withdraw his guilty plea.  In his motion, Appellant wrote two sentences explaining why he wished to withdraw his plea. He asserted: "Defendant proclaims his innocence and has expressed a desire to have a bench trial in this matter.  Defendant also would like to obtain counsel other than the Ashtabula County Public Defender's Office."

{¶6}    On November 9, 2023, the court held a hearing on Appellant's motion.[1]  On November 15, 2023, the court denied Appellant's motion, finding "no just reason" to permit him to withdraw his plea.

{¶7}    On January 3, 2024, the court held a sentencing hearing.  The court noted that it was "in receipt of a correspondence from the Defendant dated December 13, [2023]."  The court said the "issues that [were] raised in that correspondence were all the subject of the Defendant's motion to withdraw his guilty plea."  The court explained that it denied Appellant's motion to withdraw his guilty plea because Appellant's claims regarding his attorneys' representation was unsubstantiated from the record.  Specifically,

---

1. A transcript for the hearing on Appellant's motion to withdraw his plea has not been provided on appeal.

Case No. 2024-A-0009

the court noted that two attorneys were assigned to represent him, they "pursued the matter as diligently as possible", they hired an investigator on Appellant's behalf, and they consulted with an expert witness.

{¶8} Before sentencing Appellant, the court asked him if he would like to make a statement on his behalf. Appellant replied that he did and spoke at length expressing remorse for his actions.

{¶9} The court sentenced Appellant to an indefinite sentence of ten to fifteen years imprisonment on count three, and thirty-six months on count four, to be served consecutively.

{¶10} Appellant timely appealed. Counsel filed Appellant's appellate brief pursuant to *Anders v. California*, 386 U.S. 738. Counsel represented that he had reviewed the record, found no meritorious issues upon which to base an appeal, and moved to withdraw.

{¶11} In *Anders*, the United States Supreme Court outlined the proper steps to follow in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; . . . the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; . . . counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points [s]he chooses." *State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.), citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744.

{¶12} This court granted Appellant 30 days in which to file his own submission to raise any arguments in support of the appeal. This court held counsel's request to withdraw in abeyance.

{¶13} Appellate counsel raises three potential assignments of error for review. Appellant has filed a brief in support of his appeal raising his own independent assignments of error.

{¶14} Counsel's first assignment of error: "Did the Trial Court abuse its discretion when it imposed consecutive sentences upon the Appellant?"

{¶15} R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings.

{¶16} There are three ways an appellant can challenge consecutive sentences on appeal. *State v. Lewis*, 2002-Ohio-3373, ¶ 6 (11th Dist.). First, the appellant may argue that the sentencing court failed to state the findings for consecutive sentences that R.C. 2929.14(C)(4) requires. *State v. Torres*, 2003-Ohio-1878, ¶ 18 (11th Dist.); R.C. 2953.08(G)(1). Second, the appellant may argue that the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences. *State v. Lewis*, at ¶ 7; R.C. 2953.08(G)(2)(a). Third, the appellant may argue that his sentence is clearly and convincingly otherwise contrary to law. R.C. 2953.08(G)(2)(b).

{¶17} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

4

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} In making its findings for consecutive sentences, the sentencing court is required to engage in the analysis for consecutive sentencing and specify the statutory criteria warranting its decision. *State v. Bonnell*, 2014-Ohio-3177, at ¶ 26. While the sentencing court is not required to state exact reasons supporting its findings, the record must contain a clear basis upon which a reviewing court can determine that the sentencing court's findings for imposing consecutive sentences are supported by the record. *Id.* at ¶ 27-28.

{¶19} Here, the court made the findings pursuant to R.C. 2929.14(C)(4)(b) at the sentencing hearing and on the entry of sentence.

{¶20} The record clearly and convincingly supports the court's findings justifying imposing consecutive sentences. The victim impact statements, which detail the emotional impact the crimes had on the victims, support that consecutive sentences were necessary to punish Appellant. Consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public after having

5

committed Rape and Gross Sexual Imposition. Lastly, the record supports that the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶21} Having independently reviewed the record, we find that the trial court did not err in imposing consecutive sentences.

{¶22} Counsel's second assignment of error and Appellant's first assignment of error: "Did the Trial Court abuse its discretion by denying the Appellant the opportunity to withdraw his plea prior to sentencing?"

{¶23} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521, (1992), paragraph two of the syllabus; *State v. Bisson*, 2013-Ohio-2141, ¶ 23, (11th Dist.) ("since the determination of a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an 'abuse-of-discretion' analysis").

{¶24} "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.'" *State v. Underwood*, 2009-Ohio-2089, ¶ 30 (11th Dist.). Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary 11 (8th Ed.Rev.2004)." *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide

6

Case No. 2024-A-0009

the issue differently is enough to find error[.] . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621(1993).

{¶25} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."

{¶26} A presentence motion to withdraw a plea should be granted liberally. *Xie*, 62 Ohio St.3d at 527. The Supreme Court has also recognized, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but, instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶27} In evaluating whether a trial court properly exercised its discretion in ruling on a presentence motion to withdraw a guilty plea, this court applies the four-factor test pronounced in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). *State v. Parham*, 2012-Ohio-2833, ¶ 19 (11th Dist.); *State v. Humr*, 2010-Ohio-5057, ¶ 15 (11th Dist.). Under *Peterseim*, a trial court does not abuse its discretion in denying a motion to withdraw a plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered

7

the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *Id.*

{¶28} "A mere change of heart regarding a guilty plea is an insufficient justification for the withdrawal of the guilty plea." *State v. Clifton*, 2022-Ohio-3814, ¶ 64 (8th Dist.).

{¶29} We first note that we do not have a transcript of the hearing on Appellant's motion to withdraw his guilty plea.

{¶30} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Lab'ys*, 61 Ohio St. 2d 197, 199, (1980).

{¶31} The presumption is that the results of those proceedings are correct and binding. See *Holman v. Wiser*, 2023-Ohio-4095, ¶ 49 (11th Dist.). That presumption is rebuttable. See *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 28 (2023) (Jackson, J. concurring). The record that is submitted on appeal, whatever it might contain, may be used to rebut the presumption.

{¶32} Appellate courts can also evaluate the legal conclusions reached by a trial court based upon the trial court's factual findings even absent a transcript. *Fifth Third Mtge. Co. v. Berman*, 2019-Ohio-1068, ¶ 16 (10th Dist.).

{¶33} What we can discern from the record is that Appellant was represented by highly competent counsel. At the sentencing hearing, the court explained that Appellant had been represented by counsel, whom "pursued the matter as diligently as possible."

8

Appellant has not demonstrated otherwise, and there is nothing in this record to suggest otherwise.

**{¶34}** The record also shows that Appellant was afforded a full hearing on his motion.

**{¶35}** Regarding the third and fourth *Peterseim* factors, we must presume the validity of the lower court proceedings. Appellant has not rebutted our presumption that the results of those proceedings were correct and binding.

**{¶36}** Counsel's second assignment, and Appellant's first assignment, are without merit.

**{¶37}** Counsel's third assignment of error: "Did the trial court commit error by imposing indefinite sentences?"

**{¶38}** The Reagan Tokes Law, as provided under R.C. 2967.271, allows courts to impose an indefinite sentence for offenders convicted of first- or second-degree felonies when a life sentence is not an option. Appellant, having been convicted of a first-degree felony, was properly sentenced under the Reagan Tokes Law.

**{¶39}** This court, and the Ohio Supreme Court, have consistently upheld the constitutionality of the Reagan Tokes Law. *State v. Hacker*, 2023-Ohio-2535, ¶ 41.

**{¶40}** Counsel's third assignment of error is without merit.

**{¶41}** Appellant's second assignment of error: "Did the trial court commit and error [sic] by imposing a near maximum sentence on a 1st time offender."

**{¶42}** Appellant argues that his sentence is contrary to law because, he alleges, the court did not consider that he was a first-time offender with no prior criminal history and that he has a low recidivism score (as provided under his pre-sentence investigation).

Case No. 2024-A-0009

**{¶43}** "A trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and 2929.12. *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.).

**{¶44}** Under *Jones*, this court is without authority to independently weigh mitigating factors or to second guess the trial court's weighing of those factors. *Jones* at ¶ 42. The sentencing court fulfilled its duty by providing in its judgment entry that it considered all factors under R.C. 2929.11 and 2929.12.

**{¶45}** Appellant also argues that his trial counsel rendered ineffective assistance when it failed to object to a statement made at sentencing by the victim's mother. That statement was that Appellant "claims he was sexually abused by his high school band director."

**{¶46}** "'In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two-part test enunciated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668]." *State v. Woodard*, 2010-Ohio-2949, ¶ 11 (11th Dist.). "First, it must be determined that counsel's performance fell below an objective standard of reasonableness." *Id.* "Second, it must be shown that prejudice resulted." *Id.* "Prejudice exists when 'the result of the trial would have been different' but

10

for counsel's ineffectiveness.'" *Id.,* quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989) at paragraph 3 of the syllabus.

{¶47} In applying the foregoing standard, a reviewing court indulges a strong presumption that counsel's conduct is within the wide range of reasonable professional representation. *Strickland* at 689. An attorney's arguably reasoned strategic or tactical decisions do not generally constitute ineffectiveness. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995).

{¶48} Here, Appellant asserts that counsel's failure to object to the statement "prejudiced the consideration of my past abuse as a mitigating factor." Yet, the record does not reflect that the statement affected his sentencing. In other words, there is nothing in this record to demonstrate that if trial counsel had objected to the statement, the result of his sentencing would have been different.

{¶49} Lastly, Appellant argues that trial counsel did not present mitigating arguments on his behalf at sentencing. But, there is nothing requiring trial counsel to make mitigating arguments. Moreover, Appellant spoke at length in mitigation of his sentence.

{¶50} Appellant's second assignment of error is without merit.

{¶51} We have independently reviewed the record pursuant to *Anders*. After a thorough review, we find no arguable issues necessitating the appointment of new counsel.

{¶52} Counsel's Motion to Withdraw as counsel of record for Appellant is granted and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

12