[Cite as *State v. Simmons*, 2025-Ohio-514.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0041 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JULIUS DEVON SIMMONS, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00415 |

**O P I N I O N**

Decided: February 18, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}  Appellant, Julius Simmons, appeals the sentencing entry issued following his guilty plea to one count of involuntary manslaughter, a first-degree felony, and one count of obstructing justice, a third-degree felony. We affirm.

{¶2}  In 2022, Simmons was indicted on one count of Murder, one count of Felonious Assault, one count of Discharge of a Firearm on or near Prohibited Premises, and Obstructing Justice. On November 17, 2023, Simmons entered a plea of guilty to an amended indictment of Involuntary Manslaughter and Obstructing Justice. The remaining

charges were dismissed as a part of a plea agreement for Simmons to cooperate with the State in a separate case, Case No. 2022-CR-0416.

{¶3} The State and defense counsel agreed on a stipulated sentence of an 11 to 16 and one-half year term of imprisonment for the Involuntary Manslaughter count, to run concurrently with 36 months of incarceration for the Obstructing Justice count. Therefore, the total sentence would be 11 to 16 and one-half years with a credit of 630 days. The trial court followed the stipulated sentence.

{¶4} Defense counsel submitted a notice of appeal and then moved to withdraw from the case. The motion was granted, appellate counsel was appointed, and then appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that "any assignments of error listed in this brief would be frivolous if presented to this Court."  In this brief, counsel also requested to withdraw as counsel and clarified that the brief would be sent to Simmons explaining the nature of the *Anders* brief.

{¶5} This court issued an order holding appellate counsel's motion to withdraw in abeyance and providing Simmons time to file a submission, if desired, to raise additional arguments in support of the instant appeal. Simmons did not do so.

{¶6} When assessing *Anders* briefs, we look to *Anders v. California*, 386 U.S. 738 (1967), where the United States Supreme Court outlined the proper steps to be followed in this situation:

> (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must

2

be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings. *Id.* at 744.

*State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.).

{¶7} Here, appellate counsel raises two potential assignments of error: "(1) did the Trial Court abuse its discretion when it imposed a maximum sentence upon the Appellant; and (2) did the Trial Court commit error by imposing indefinite sentences." After a thorough and independent review of the record, we find appellate counsel's potential assignments of error are without merit because it was within the trial court's discretion to impose a maximum sentence upon the appellant and indefinite sentences have been held constitutional.

{¶8} At the plea hearing, the trial court informed Simmons' that he was entering a plea with a stipulated sentence, 11 to 16 and one-half years in prison to run concurrently with 36 months in prison. The court clarified that typically a recommendation is not binding on the trial court, but with a stipulated sentence, "that would be the sentence you're going to get." At sentencing, the trial court imposed the stipulated sentence under R.C. 2953.08.

{¶9} Pursuant to R.C. 2953.08(D)(1): "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶10} Further, even assuming the sentence was not jointly recommended and imposed, it would be authorized by law because it is within the statutory range provided by R.C. 2929.14(A)(1)(a) and 2929.144(B)(1). Additionally, judges have full discretion to impose sentences within statutory range. *State v. Mathis*, 2006-Ohio-855, paragraph

3

Case No. 2024-A-0041

three of the syllabus; *see State v. Stacy*, 2023-Ohio-3942, ¶ 22 (11th Dist.). Because the sentence was authorized by law, jointly recommended, and imposed by the trial court, Simmons' sentence is not subject to review under R.C. 2953.08. Therefore, the appellant's first potential assignment of error is without merit.

{¶11} Additionally, the second issue is also without merit. The Ohio Supreme Court upheld the constitutionality of indefinite sentencing, as provided under R.C. 2967.271. *State v. Hacker*, 2023-Ohio-2535, ¶ 41; *see State v. Smith*, 2024-Ohio-3369, ¶ 37-40 (11th Dist.) (holding that counsel's assignment of error had no merit when questioning the constitutionality of an indefinite sentence for a felony of the first degree). Here, Simmons was properly sentenced under R.C. 2967.271 because he pleaded to Involuntary Manslaughter, a first degree felony, in violation of R.C. 2903.04(A). Therefore, the assignment of error is without merit.

{¶12} After an independent review, the only other argument appellate counsel could have raised was that Simmons did not enter his plea knowingly, intelligently, and voluntarily. This argument is based on Simmons reading a part of the Rule 11 colloquy, instead of the trial court reading it. This is also without merit. *See State v. Weir*, 2018-Ohio-2827, ¶ 14 (11th Dist.) ("The fact that appellant read portions of his written plea agreement into the record and verified his understanding, rather than the trial court reading the rights to appellant, does not, under the circumstances of this case, raise any presumption that appellant entered his guilty plea unknowingly or involuntarily.").

{¶13} Like in *Weir*, Simmons read part of the Rule 11 colloquy and the trial court stopped him several times to affirm that he understood what he was reading, asked if he

4

had any questions, and ensured that Simmons knowingly, intelligently, and voluntarily gave up the rights he read. Therefore, this argument would also be without merit.

{¶14} When "the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision." *State v. Miller*, 2007-Ohio-5206, ¶ 6 (11th Dist.). After a thorough and independent review of the record, including transcripts of the proceedings and appellate counsel's brief, we hold that there were no arguable legal points on the merits. Therefore, counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-A-0041