[Cite as *State v. Harper*, 2025-Ohio-1502.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>JAMES L. HARPER,<br><br>        Defendant-Appellant. | CASE NO. 2024-T-0082<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2024 CR 00200 |

## OPINION AND JUDGMENT ENTRY

Decided: April 28, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jason M. Jordan*, Jason M. Jordan Legal Services, LLC, 3580 Darrow Road, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, James L. Harper, appeals the sentencing entry issued by the Trumbull County Court of Common Pleas following his guilty plea to three felonies. We affirm.

{¶2}    Harper was indicted on one count of gross sexual imposition, a third-degree felony, and two counts of disseminating matter harmful to juveniles, fourth-degree felonies. Harper initially entered a plea of not guilty. On July 10, 2024, Harper entered a plea of guilty to an amended indictment of one count of pandering obscenity, a fifth-degree

felony, and two counts of disseminating matter harmful to juveniles, fourth-degree felonies. A pre-sentence report was ordered and completed.

{¶3} At sentencing, defense counsel requested a community-control sanction. The prosecuting attorney did not make a sentencing recommendation on the record.

{¶4} Before pronouncing sentence, the trial court made the following findings: The offenses are sex offenses. The minor victims suffered psychological harm. Harper's relationship with the victims facilitated the offenses. As a parent/stepparent, Harper held a position of trust. Harper has a history of criminal convictions. And Harper has shown no genuine remorse.

{¶5} The trial court sentenced Harper to a prison term of 12 months on the count of pandering obscenity and 18 months on each count of disseminating matter harmful to juveniles, all to be served concurrently with each other for an aggregate sentence of 18 months in prison, with a credit of 202 days for time served. The trial court also advised Harper of his duty to register as a Tier I Sex Offender and that post-release control is mandatory for five years.

{¶6} Defense counsel submitted a notice of appeal and then moved to withdraw from the case. We granted the motion to withdraw and appointed appellate counsel. Appellate counsel then submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) on the basis that he "has been unable to find prejudicial errors or issues to present upon appeal, and presents that the appeal would be wholly frivolous." Appellate counsel moved to withdraw as counsel and stated that he had provided Harper with a copy of the *Anders* brief and informed Harper of his right to provide a pro se supplemental brief.

Case No. 2024-T-0082

**{¶7}** We issued an order holding in abeyance appellate counsel's motion to withdraw and providing Harper time to file a submission, if desired, to raise additional arguments in support of the instant appeal. Harper did not do so.

**{¶8}** Relying on the United States Supreme Court's guidance in *Anders*, 386 U.S. 738, this court adheres to the following procedure in this situation:

> (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings.

*State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.), citing *Anders* at 744.

**{¶9}** Here, appellate counsel raises one potential assignment of error: "The trial court erred when it sentenced Defendant-Appellant to the maximum prison term for each count at sentencing."

**{¶10}** Trial court judges have full discretion to impose prison sentences within the statutory range and are not required to make findings or give their reasons for imposing maximum sentences. *State v. Mathis*, 2006-Ohio-855, paragraph three of the syllabus; *State v. Stacy*, 2023-Ohio-3942, ¶ 22 (11th Dist.). "[A]s a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits." *State v. Hill*, 70 Ohio St.3d 25, 29 (1994).

**{¶11}** Here, the sentences imposed by the trial court are the maximum within the statutory ranges provided by R.C. 2929.14(A)(4) and (5). Therefore, it was within the trial

Case No. 2024-T-0082

court's discretion to impose the maximum prison term for each count upon Harper, and appellate counsel's potential assignment of error is without merit.

{¶12} Moreover, because Harper was convicted of fourth- and fifth-degree felony sex offenses in violation of R.C. Chapter 2907, the trial court was not required to consider community-control sanctions. *See* R.C. 2929.13(B)(1)(b)(iv). And because a transcript of the change-of-plea hearing was not provided to this court, we presume the regularity of that proceeding. *State v. Hall*, 2017-Ohio-4376, ¶ 23 (11th Dist.).

{¶13} After an independent review of the record, including a transcript of the sentencing hearing and appellate counsel's brief, we find no nonfrivolous issues for consideration on the merits. When "the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision." *State v. Miller*, 2007-Ohio-5206, ¶ 6 (11th Dist.).

{¶14} We therefore grant appellate counsel's motion to withdraw and affirm the judgment of the Trumbull County Court of Common Pleas.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-T-0082

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's instant appeal is wholly frivolous. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

It is further ordered that the motion to withdraw as counsel for appellant filed by Attorney Jason M. Jordan is hereby granted.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-T-0082