[Cite as *State v. Hall*, 2025-Ohio-2923.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0105** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CHRISTIAN FRANK RAY HALL, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00214 |

## OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Christian Frank Ray Hall, appeals the sentencing entry issued by the Ashtabula County Court of Common Pleas following his guilty plea to one second-degree felony. We affirm.

{¶2} Hall was indicted on one count of improperly discharging a firearm at or into a habitation or a school safety zone, a second-degree felony in violation of R.C. 2923.161(A)(1), with an accompanying firearm specification under R.C. 2941.145(A). Hall entered into a plea agreement with the State whereby he agreed to plead guilty to the felony offense and the State agreed to dismiss the firearm specification. The plea

agreement also included a stipulated indefinite sentence, under R.C. 2953.08, of a two-year minimum up to a three-year maximum prison term.  The trial court accepted the plea agreement on September 23, 2024, and imposed the stipulated sentence on November 26, 2024.  The sentencing entry was journalized on November 27, 2024.

{¶3}   Defense counsel submitted a notice of appeal from the sentencing entry and then moved to withdraw from the case.  We granted the motion to withdraw and appointed appellate counsel.  Appellate counsel then submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) based on his conclusion that "the appeal does not present a nonfrivolous legal question."  Appellate counsel moved to withdraw as counsel of record and stated that he had provided Hall with a copy of the brief and a letter explaining the nature of the brief.

{¶4}   Relying on the United States Supreme Court's guidance in *Anders*, this court historically has adhered to the following procedure in this situation:

> (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings.

*State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.), citing *Anders* at 744.

{¶5}   Effective as of July 1, 2025, our Local Rules no longer permit appellate counsel to file no-merit briefs.  *See* Eleventh Dist. Loc.R. 16(F) ("Briefs filed pursuant to *Anders v. California*, 380 U.S. 738 (1967) will not be accepted.  Counsel must file a merit brief, unless the appellant directs counsel that the appeal should be withdrawn.").

Case No. 2024-A-0105

However, because counsel filed the no-merit brief in this case prior to the rule change, we issued an order holding in abeyance appellate counsel's motion to withdraw and providing Hall time to file a submission, if desired, to raise additional arguments in support of the instant appeal. After this order was returned as non-deliverable, we issued a second order providing Hall with another 30 days to file a pro se submission. This order was not returned, but Hall has not filed any additional arguments in support of his appeal.

{¶6} Counsel identifies as a potential assignment of error that the trial court erred by imposing an indefinite sentence. However, as counsel observes, the Supreme Court of Ohio has upheld the constitutionality of indefinite sentencing in *State v. Hacker*, 2023-Ohio-2535. Counsel further recognizes that Hall did not object to the imposition of the stipulated sentence, the sentence was within the statutory range for a second-degree felony, and there was no obvious error in the proceedings that would constitute plain error.

{¶7} Counsel also identifies as a potential assignment of error that the trial court, prior to imposing the stipulated sentence, did not specifically discuss the purposes and principles of felony sentencing or the seriousness and recidivism factors in R.C. 2929.11 and 2929.12. Counsel correctly notes, however, that the trial court is not required to make specific findings on the record to comport with its statutory obligation to consider the R.C. 2929.11 and 2929.12 factors. *E.g.*, *State v. Lamb*, 2023-Ohio-2834, ¶ 10 (11th Dist.).

{¶8} Moreover, "A sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is

Case No. 2024-A-0105

appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 2005-Ohio-3095, ¶ 25. Hall's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Thus, under R.C. 2953.08(D)(1), Hall's sentence is not subject to appellate review.

{¶9} Having conducted a full examination of the proceedings in this case, including transcripts of the plea colloquy and sentencing hearing, we conclude that the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744. When "the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision." *State v. Miller*, 2007-Ohio-5206, ¶ 6 (11th Dist.).

{¶10} We therefore grant appellate counsel's motion to withdraw and affirm the trial court's judgment entry of sentence.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-A-0105

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

It is further ordered that Attorney Sean P. Martin's motion to withdraw as counsel for appellant is hereby granted.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.